DISSENTING OPINION BY
Judge McCullough.
I respectfully dissent because I believe the Pennsylvania Department of Environmental Protection (DEP) acted in bad faith in failing to provide the records requested by Smith Butz, LLC (SB).
As the Majority notes, SB’s Right-to-Know Law (RTKL)[1] request sought:
All records associated with [the] August 30, 2010 Notice of Violation [NOV] for Yeager Impoundment, with said [NOV] relating to 1. Failure to properly store, transport, process or dispose of a residual waste; and 2. Failure to properly control or dispose of industrial or residual waste to prevent pollution of the waters of the Commonwealth. This request seeks all records, including but not limited to records associated with any investigations, complaints and the resolution of the [NOV].
(RTKL Request Form at 1.) DEP denied the request stating that it “does not have the records that you request in its possession, custody or control.” (Records Officer Decision, 7/16/15, at 1.) DEP’s denial was premised upon the fact that no NOV was ever issued on August 30, 2010.
However; Byron Miller, a DEP inspector, admitted in an attestation that: Carla Suszkowski, a representative of Range Resources, the company that operated the Yeager Impoundment, had self-reported on August 24, 2010, the release of four to five barrels of clarified brine from secondary containment; and, as a result of this report, he entered into DEP’s eFACTS system “Violation Details” which correspond with SB’s requests listed above as numbers 1 and 2.[2] Miller also stated that he did not draft or issue a NOV. Nevertheless, Miller’s eFACTS entry, dated August 30, 2010, identifies two violations, “[fjailure to properly store, transport, process or dispose of a residual waste” and “[fjailure to properly control or dispose of industrial or residual waste to prevent pollution of the waters of the Commonwealth.” (Reproduced Record at 10a.) Additionally, an attestation from Jeffrey Brown, a file clerk in DEP’s Southwest Regional Office, reflects that .Miller conducted an inspection of the Yeager Impoundment on August 30, 2010.
While DEP may be technically correct that an August 30, 2010 NOV was never issued, it is clear from the record herein that DEP received a report of. potential violations at the Yeager Impoundment on August 24, 2010, conducted an investigation on August 30, 2010, and identified two violations in its eFACTS system. Further, át oral argument, DEP admitted that had SB omitted the terms “Notice of Violation” from its request, certain investigative *948 materials would have been responsive to SB’s request.
Given that SB’s RTKL request included “records associated with any investigations, complaints and the resolution of the [NOV],” RTKL Request Form at 1, and the fact that this Court must “interpret the RTKL liberally to effect its purpose— that being, ‘to promote access to official government information in order to prohibit secrets, scrutinize actions of public officials, and make public officials accountable for their actions,’ ”[3]1 would conclude that DEP acted in bad faith in, failing, to provide SB with responsive records related to DEP’s August 30, 2010 investigation at the Yeager Impoundment. Accordingly, I would reverse the final determination of the Office of Open Records dismissing SB’s appeal.

. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101 — 67.3104.

. DEP’s eFACTS system is a public website containing information regarding DEP-issued permits, inspections, and violations.

, Allegheny County Department of Administrative Services v. A Second Chance, Inc., 13 A.3d 1025, 1034 (Pa.Cmwlth.2011) (citation omitted).